**Robert R. COCKE, Plaintiff-Appellant,**

v.

**MERRILL LYNCH & COMPANY, INC.; Merrill Lynch, Pierce, Fenner & Smith, Defendants-Appellees.**

No. 86–7497
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

June 2, 1987.

Joe R. Whatley, Jr., Falkenberry, Whatley & Heidt, Birmingham, Ala., for plaintiff-appellant.

William F. Gardner, Cabaniss, Johnston, Gardner, Dumas & O'Neal, William K. Thomas, Birmingham, Ala., for defendants-appellees.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

This appeal is from a summary judgment for defendant Merrill Lynch & Co., Inc., in a suit brought by Robert Cocke for an alleged discriminatory termination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §§ 621–634. The summary judgment was grounded on the fact that Cocke failed to file a timely charge with the Equal Employment Opportunity Commission (EEOC) within the statutorily prescribed filing period. 29 U.S.C.A. § 626(d)(1). Under a view of the facts most favorable to the plaintiff, however, there is arguable merit to the contention that equitable tolling of the limitations provision should apply. We vacate the summary judgment and remand for reconsideration of equitable tolling.

There is no doubt that Cocke did not file an EEOC charge within the time required by the statute. The law is clear, however, that under certain circumstances, equitable tolling prevents that limitation from barring a lawsuit. The district court held as a matter of law that equitable tolling was not justified in this case, because when Cocke received notice of termination he was cognizant of his ADEA rights and was suspicious that he was the object of discriminatory conduct. Whatever the eventual outcome may be, however, it appears from this record that the factual issues upon which an equitable tolling decision would be based should be tried, and not decided on summary judgment.

Cocke received a written notice of termination, dated August 28, 1984, which states:

Dear Buck:

In follow-up to our telephone conversation of August 20, 1984, I would like to confirm the following:

1. I will pursue to the best of my ability a position for you in one of the three areas you indicated to me. They are:

    a) Operations Center Section Manager

    b) Administrative Manager in a branch office

    c) Operations Manager in a branch office

2. Whereas troubleshooting is not a permanent assignment, that assignment will end of September 21, 1984.

3. Effective September 24, 1984, you will continue under the Structural Cost Control Policy of the Firm which includes a salary continuance period which will last for a period of 27 weeks. You will also receive out-placement assistance during that time period.

4. Effective March 29, 1985, your employment will be terminated due to job elimination.

If anything becomes available for your consideration, I will contact you at once. Should you have questions, please call me collect.

Very Truly Yours,
/s/ Brian J. Warshaw
Brian J. Warshaw
Manager
Selection & Placement

Cocke was discharged on March 29, 1985. On June 21, 1985 Cocke filed his charge alleging discrimination with the EEOC. After receiving a right to sue letter, Cocke filed his complaint in the district court on September 17, 1985.

The statutory filing period requires in pertinent part:

[d] No civil action may be commenced by an individual under this section until 60 days after a charge alleging un-

lawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred....

. . . .

Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

29 U.S.C.A. § 626(d)(1). A final decision to terminate the employee, rather than actual termination, constitutes the "alleged unlawful practice" that triggers the filing period. *See Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981); *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Thus, the 180–day period is counted from the date the employee receives notice of termination. It is settled law, however, that the charging period of the ADEA is subject to equitable modification. *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 595 (5th Cir. March 1981) (*en banc*). *See Zipes v. Transworld Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982).

The standard for equitable modification in this case is governed by *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924 (5th Cir.1975). Equitable modification suspends a limitations period "until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* at 930. While *Reeb* is a Title VII case, the equitable modification standard applies to ADEA actions. *See Coke,* 640 F.2d at 587. *See generally* B. Schlei & P. Grossman, *Employment Discrimination Law* 491 (2d ed. 1983) (courts in ADEA cases look to Title VII precedent concerning equitable extension).

Equitable tolling is a type of equitable modification, which "often focuses on the plaintiff's excusable ignorance of the limi-

tations period and on [the] lack of prejudice to the defendant." *Naton v. Bank of California,* 649 F.2d 691, 696 (9th Cir.1981). Summary judgment is often inappropriate when tolling is at issue in an ADEA action. *Aronsen v. Crown Zellerbach,* 662 F.2d 584, 595 (9th Cir.1981), *cert. denied,* 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983). *See also Ott v. Midland-Ross Corp.,* 600 F.2d 24, 30–31 (6th Cir.1979); *Naton,* 649 F.2d at 701 n. 8.

■ Applying these principles, the Court holds that while the employer is actively trying to find a position within the company for the employee, the 180–day filing period of section 626(d)(1) is equitably tolled until such time as it is or should be apparent to an employee with a reasonably prudent regard for his rights that the employer has ceased to actively pursue such a position. This Court's application of equitable tolling to the situation here is in harmony with the ADEA's purpose of facilitating informal conciliation. *See* 29 U.S.C.A. § 626(d). *See also* 45A Am.Jr.2d *Job Discrimination* § 1372 (1986) (extent to which the limitations period's purpose has been satisfied is a factor in determining the appropriateness of tolling).

The Court has previously held in *Kazanzas v. Walt Disney World Co.,* 704 F.2d 1527 (11th Cir.), *cert. denied,* 464 U.S. 982, 104 S.Ct. 425, 78 L.Ed.2d 360 (1983), that an employer's attempt to mitigate the harshness of a decision terminating an employee by pursuing employment within the company does not rise to equitable estoppel absent employer fraud or misrepresentation. *Id.* at 1531–33. *See generally* B. Schlei & P. Grossman, *Employment Discrimination Law* 85–86 (2d ed. Supp.1983–84) (courts evince a reluctance to toll the filing period absent misconduct or bad faith attributable to the defendant). Unlike *Kazanzas,* however, equitable tolling does not require employer misconduct. *See Reeb,* 516 F.2d at 930. Rather, equitable tolling focuses on the employee with a reasonably prudent regard for his rights. *Id.*

■ It is too much for the law to expect an employee to sue his employer for age discrimination at the same time he is led to

believe the employer is trying to place him in another job. The district court here, in holding the facts do not justify equitable tolling, placed too little weight on this practical situation. Although plaintiff was suspicious that the reason he had not been relocated prior to receiving notice of termination was because of his age, he may well have been justified in waiting before resolving that suspicion into a fact he should act upon during the time the employer made a good faith effort to relocate him. At least the situation presents a triable fact which cannot be disposed of on summary judgment.

For the foregoing reasons, we vacate the judgment of the district court and remand the case for further proceedings consistent with this opinion.

VACATED AND REMANDED.