**Romaine BARNES**

v.

**HILLHAVEN REHABILITATION & CONVALESCENT CENTER.**

**Civ. No. 1:87–cv–619–ODE.**

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 15, 1988.

Robert C.D. McDonald, Norcross, Ga., for plaintiff.

Gary R. Kessler, David L. Gordon, Jackson, Lewis, Schnitzler & Krupman, Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This ADEA action is before the court on Defendant's motion for summary judgment and for an extension of time in which to file a reply brief. As no opposition has been filed to the motion for an extension of time, said motion is granted nunc pro tunc.

Plaintiff Romaine Barnes alleges that her former employer, Hillhaven Rehabilitation and Convalescent Center ("Hillhaven"), discriminated against her on the basis of her age when she was forced to resign as administrator at Hillhaven's Marietta facility in April, 1986. Mrs. Barnes was 59 years old at the time she left Hillhaven and she had worked as administrator at the Marietta facility since 1969.

Defendant Hillhaven has moved for summary judgment on the basis that Mrs. Barnes did not timely file her charge of age discrimination with the EEOC. In order to file an age discrimination action, a plaintiff must first file an EEOC charge within 180 days of the alleged discriminatory action pursuant to 29 U.S.C. § 626(d)(1). This requirement is a condition precedent to an ADEA action so that the failure to timely file an EEOC charge does not deprive the court of jurisdiction. *Jackson v. Seaboard Coast Line Railroad Company*, 678 F.2d 992 (11th Cir.1982). Plaintiff contends that the EEOC charge was timely filed and that even if it were not, the filing period is subject to equitable tolling.

The 180 day filing period begins to run from the date the adverse employment decision is communicated to the employee. *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981). The filing period begins to run once the employee has been notified of the employment decision even though the decision might not yet take effect. *Ricks, supra.* As another court has noted, the "proper focus under the *Ricks* rationale is on the time of the act of discrimination and not when the consequences of that act become most painful." *Clark v. Resistoflex Company*, 665 F.Supp. 1216, 1219 (M.D.La.1987), citing *Ricks, supra,* 449 U.S. at 258, 101 S.Ct. at 504.

The record reflects the following facts regarding the date Mrs. Barnes had notice of Hillhaven's decision that she must resign or face termination. Prior to April 4, 1986, Mrs. Barnes' superiors had discussed their dissatisfaction with Mrs. Barnes because of operational problems at the Marietta facility. Gary Witte, Hillhaven Vice President of Operations for the Southeast Region, attests that he and his immediate superior, Dan Mosca, Senior Vice President for the Southern Division, had decided in March 1986 that Mrs. Barnes should leave as administrator of the Marietta facility. Shortly before April 4, 1986, Witte learned that Mrs. Barnes' son, Jim Barnes, who

was employed as the housekeeping supervisor at the Marietta facility, had been arrested for cocaine distribution. Mrs. Barnes had not informed her immediate supervisor, Dick Ebersole, District Director, of this fact nor had she suspended her son. Dan Mosca attests that when he learned that Jim Barnes had been arrested, was still working at the facility and Mrs. Barnes had not informed any Hillhaven management, Mosca instructed Witte to visit the Marietta facility and tell Mrs. Barnes that "it was no longer in Hillhaven's best interests for her to remain as administrator at the Marietta facility." As Witte was unable to go to Marietta, Dick Ebersole travelled to Marietta on April 4, 1986 to meet with Mrs. Barnes. Ebersole attests that Witte instructed him to try to persuade Mrs. Barnes to retire or resign and if she refused, to terminate her.

Ebersole met with Mrs. Barnes for 10 to 15 minutes late in the day on Friday, April 4, 1986. Ebersole states that he told her about the operational problems at the facility and the problem with her son. Mrs. Barnes testified in her deposition that she does not recall discussion of operational problems at the facility, although she does recall discussing her son's arrest and subsequent return to work. Ebersole offered Plaintiff the choice between resigning and being fired. As Mrs. Barnes had already scheduled vacation for Monday, April 7 through Friday, April 11, 1986, Ebersole told her she must give Hillhaven her decision by 10:00 a.m. on Monday, April 7. Ebersole states that Mrs. Barnes asked whether she would keep her job if she suspended her son but he informed her she could not. Mrs. Barnes did suspend her son as of April 4, 1986.

On Monday, April 7, 1986, Mrs. Barnes telephoned Witte to protest Hillhaven's decision. Witte attests that he did not tell her that the decision would be reconsidered. However, he did state that he would speak with Mosca and call her back. Witte and Mosca telephoned her back on April 7 and the parties agree that the conversation primarily concerned Mrs. Barnes' benefits upon retirement or resignation and that Mrs. Barnes was asked to prepare a letter of resignation. Witte and Mosca attest that at no time during the conversation did they suggest that Mrs. Barnes might keep her job as administrator or be employed in another position with Hillhaven.

When Mrs. Barnes returned to work on April 14, 1986, Ebersole asked her to prepare a letter of resignation showing a final work date of April 25, 1986 and to send it by overnight mail. Plaintiff did so, and left Hillhaven on Monday, April 28. She was replaced on May 12, 1986 by Bill Heintz, age 48.

Sometime in May, 1986, Plaintiff learned through another former Hillhaven employee that Hillhaven allegedly planned to terminate those employees earning more than $30,000–$35,000 on account of salary and age. On September 26, 1986, after Mrs. Barnes received her final paycheck from Hillhaven, she decided to pursue a claim of age discrimination. She met with an attorney on October 7, 1986; an EEOC charge was mailed the following day, and was received by the EEOC on October 10, 1986. The charge was timely filed only if the filing period was triggered on April 14, 1986. If the filing period began earlier than April 14, the charge was untimely.

■ Mrs. Barnes argues that the filing period was not triggered until April 14, 1986 when Ebersole asked her to submit her letter of resignation and send it overnight mail. However, the record shows that on April 4, Mrs. Barnes had been clearly informed that she would have to resign or be terminated. Either was an adverse employment action. No indication was given to her that this decision was anything other than final. She did attempt to dissuade Witte and Mosca on April 7 from following through on the decision, but they reiterated what Ebersole had informed her and instructed her to prepare a letter of resignation. Under the reasoning of *Ricks*, Mrs. Barnes was notified on April 4, 1986 of Hillhaven's adverse employment decision. The fact that she did not prepare her resignation letter until April 14 and worked until April 28, does not render the April 4 decision any less final. Accordingly, Mrs. Barnes' EEOC charge was not timely filed.

■ Mrs. Barnes next argues that the 180 day filing period is subject to equitable tolling. Equitable tolling is an "extraordinary remedy" and is not a method to preserve a claim out of sympathy. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Equitable tolling may suspend a filing period "until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Cocke v. Merrill Lynch & Co.*, 817 F.2d 1559, 1561 (11th Cir.1987), *quoting Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir.1975).

Mrs. Barnes first argues that tolling is appropriate because she did not learn facts to support an age discrimination theory until her discussions in May with a former Hillhaven employee and her replacement, age 48 was hired in May, 1986. This does not constitute a basis for equitable tolling in the instant case. Mrs. Barnes testified in her deposition that at the time she was asked to resign, she believed that age was a factor in Hillhaven's decision. By her own testimony, Mrs. Barnes had a basis for believing on April 4, 1986, that she had an age discrimination claim. Moreover, the fact that Mrs. Barnes did not learn who her replacement was until May, 1986 does not warrant tolling. Another court has rejected tolling the filing period until an ADEA plaintiff discovered his or her younger replacement when the employer had not used the timing delay in hiring a replacement as a means to delay plaintiff's filing and when the plaintiff still delayed almost six months after discovering the younger replacement before filing a charge. *English v. Pabst Brewing Company*, 828 F.2d 1047, 1050–51 (4th Cir.1987). Similarly, in the instant case, discovery in late April or May, 1986, that her replacement was 48 years old does not warrant tolling when there has been no showing that Hillhaven delayed in order to prejudice Mrs. Barnes and she still did not file an EEOC charge until October, 1986.

■ Mrs. Barnes next argues that equitable tolling is appropriate because she had an insufficient knowledge of the EEOC filing requirements. This argument also fails to support a basis for equitable tolling. The record reflects that as administrator, Mrs. Barnes had responsibility for personnel matters, including equal employment opportunity policies. She posted the Hillhaven notice of its equal employment opportunity policies which reflected an employee's rights under ADEA. An ADEA plaintiff is not required to have specific knowledge of actual filing requirements before the filing period begins to run. Rather, "[w]hen an employee is generally aware of his rights, ignorance of specific legal rights or failure to seek legal advice should not toll the 180–day notification period." *McClinton v. Alabama By-Products Corporation*, 743 F.2d 1483, 1486 (11th Cir. 1984). In the instant case, Mrs. Barnes had a general familiarity with EEOC policies from her position as administrator and cannot claim lack of specific knowledge as a basis for equitable tolling. Accordingly, the 180 day filing period is not subject to equitable tolling.

Mrs. Barnes further argues that Hillhaven should not be able to argue the position in its summary judgment motion that she was forced to resign when this position is contrary to its affirmative defense stated in its answer that she voluntarily resigned. Plaintiff's argument is without merit. As Hillhaven notes, Plaintiff's contention would prevent a party from accepting her allegations as true for the purposes of summary judgment and still contest the truth of these allegations in its answer. Plaintiff's citation of *Miller v. IT & T Corporation*, 755 F.2d 20 (2nd Cir.1985), *cert. denied*, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985) for the proposition that a party may not contradict a sworn admission to create a question of fact is inapposite to the case at hand. Hillhaven has simply taken the facts in the light most favorable to Plaintiff for this motion for summary judgment.

In light of the above, Defendant's motions for leave to file a reply brief and for summary judgment are GRANTED.