No. 99-60634
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60634
Summary Calendar
_____

TRACY GAMBRELL,

Plaintiff-Appellant,

versus

GRAND CASINOS OF MISSISSIPPI, INC. - BILOXI,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:98-CV-206-RG
--------------------
April 27, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tracy Gambrell appeals the magistrate judge's order dismissing as time-barred her sex discrimination claims against Grand Casino of Mississippi, Inc. because Gambrell failed to file her charge with the Equal Employment Opportunity Commission within the requisite 180 days.  The 180-day period begins from the "'date of notice of termination, rather than the final date of employment.'"  Clark v. Resistoflex Co., 854 F.2d 762, 765 (5th Cir. 1988) (citations omitted).  In determining when the employee received notice, courts employ an objective standard,

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"focusing upon when the employee knew, or reasonably should have known, that the adverse employment decision had been made." Id.

The magistrate judge determined that Gambrell knew she had been terminated from her position as a valet due to pregnancy on June 12, 1997, when she was sent home by her supervisor and told she would need to be transferred to another position. However, deciding to transfer a pregnant employee for safety reasons is not necessarily a discriminatory act. See Levin v. Delta Air Lines, Inc., 730 F.2d 994, 997-98 (5th Cir. 1984). Moreover, Gambrell was told she would be placed in another position. Thus, she was not necessarily aware on that date of an adverse employment action.

There is substantial conflicting evidence regarding when Gambrell learned that she would not be rehired. Although Grand places much emphasis on Gambrell's statement in her EEOC charge and her complaint that she was terminated in June 1997, the EEOC's internal investigation memorandum and the testimony of Grand's own employees demonstrate that at no time in June 1997 was Gambrell ever told she would not be rehired due to her pregnancy. Accordingly, we find that there are genuine issues of material fact regarding when Gambrell knew or reasonably should have known that the allegedly discriminatory decision not to rehire her occurred.

For similar reasons, we find that there are genuine issues of material fact as to whether Gambrell reasonably believed that Grand was actively pursuing another position for her such that the 180-day period would have been equitably tolled until

Gambrell discovered she would not be rehired.  See <u>Cocke v. Merrill Lynch & Co., Inc.</u>, 817 F.2d 1559, 1561 (11th Cir. 1987). We, therefore, vacate the grant of summary judgment and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED.