**John W. (Bill) MAYO, Plaintiff,**

v.

**ALLSTATE INSURANCE CO., Defendant.**

**Civil Action No. 02–F–1367–N.**

United States District Court,
M.D. Alabama,
Northern Division.

March 24, 2004.

Jerry D. Roberson, Roberson & Roberson, Birmingham, AL, for Plaintiff.

---

1. This recitation of "facts" is based upon materials presented by the parties, viewed in the

David J. Middlebrooks, Sally B. Waudby, Lehr Middlebrooks Price & Vreeland, PC, Birmingham, AL, for Defendant.

### MEMORANDUM OPINION AND ORDER

FULLER, District Judge.

Plaintiff, John W. (Bill) Mayo (hereinafter "Mayo"), commenced this civil action on December 13, 2002 against defendant Allstate Insurance Company (hereinafter "Allstate"), his former employer, alleging a claim of employment discrimination under the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), 29 U.S.C. §§ 621–634 (Doc. # 1, Compl.). Allstate filed its Answer on January 21, 2003 (Doc. # 7).

This action is presently before the Court on the motion for summary judgment filed by Allstate on December 22, 2003 (Doc. # 15) and motion to strike portions of Mayo's affidavit filed on February 2, 2004 (Doc. # 29). After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the Court concludes that the motion for summary judgment is due to be GRANTED and the motion to strike is due to be DENIED as moot.

## I. FACTUAL[1] BACKGROUND

This age discrimination action arises out of Defendant Allstate's decision to terminate Plaintiff Mayo, a 62–year old male. Mayo, who began his employment with Allstate in 1969, was employed by Allstate as a Market Business Consultant. Mayo received a written notice of termination dated November 1, 2001 which notified him that his position was being eliminated. The notification further notified Mayo that

light most favorable to the plaintiff.

he could apply for any open positions but, should he not be offered a position or should choose not to accept an offer for an alternative position by December 31, 2001, his employment would be terminated. Although Mayo had discussions with various Allstate representatives concerning possible alternative positions, he did not secure another position with Allstate. On December 31, 2001, Mayo's employment with Allstate was terminated.

Mayo filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on June 24, 2002. After receiving a right to sue letter, Mayo filed this civil action alleging that Allstate discriminated against him on the basis of his age by terminating his employment. Mayo seeks declaratory relief, injunctive relief, reinstatement in a comparable position, backpay, lost benefits, liquidated damages, attorney's fees and costs.

## II. JURISDICTION AND VENUE

The Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations supporting both.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judg-

ment as a matter of law." Fed.R.Civ.P. 56(c). On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party.[2] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir.1996).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard can be met by the movant, in a case in which the ultimate burden of persuasion at trial rests on the nonmovant either by submitting affirmative evidence negating an essential element of the nonmovant's claim or by demonstrating that the nonmovant's evidence itself is insufficient to establish an essential element of his or her claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The burden then shifts to the nonmovant to make a showing sufficient to establish the existence of an essential element to its claims, and on which it bears the burden of proof at trial. To satisfy this burden, the nonmovant cannot rest on its pleadings, but must, by affidavit or by other means, set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). If the nonmoving party does not respond to a motion for summary judgment, the court may grant a

---

**2.** The Supreme Court explained that:
 [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation,

there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citations omitted).

motion for summary judgment in favor of the moving party, if defendant's presentation is sufficient to justify the court's conclusion. *Id.*

The court's function in deciding a motion for summary judgment is to determine whether there exist genuine, material issues of fact to be tried; and if not, whether the movant is entitled to judgment as a matter of law. *See Dominick v. Dixie Nat'l Life Ins. Co.*, 809 F.2d 1559 (11th Cir.1987). It is substantive law that identifies those facts which are material on motions for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 258, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also DeLong Equip. Co. v. Washington Mills Abrasive Co.*, 887 F.2d 1499 (11th Cir.1989).

When a court considers a motion for summary judgment, it is to refrain from deciding any material factual issues. All evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990). The movant bears "the exacting burden of demonstrating that there is no dispute as to any material fact in the case." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Consideration of a motion for summary judgment does not lessen the burden on the nonmoving party, i.e., the nonmoving party still bears the burden of coming forth with sufficient evidence on each element that must be proved.[3] *Earley*, 907 F.2d at 1080. *See Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548. The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548.

## IV. DISCUSSION

*Motion for Summary Judgment*

Allstate has moved for summary judgment based, in part, on its contention that Mayo's ADEA claim is barred because he failed to file a timely administrative charge with the EEOC (Doc. # 15). The Court agrees with Allstate's contention and finds that this issue is dispositive of Mayo's ADEA claim.

 "As a general rule, an employee who wishes to sue his employer for age discrimination must first file an administrative charge of discrimination with the EEOC." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir.2001). Interestingly however, the time period in which a person must file a complaint with the EEOC depends on whether a state is a "deferral state" under the ADEA. Deferral states are those that have a state agency equivalent to the EEOC. *See* 29 U.S.C. §§ 626(d), 633 (1999); *see also American Airlines, Inc. v. Cardoza–Rodriguez*, 133 F.3d 111 (1st Cir.1998); *Rhodes v. Guiber-*

---

**3.** "[I]f on any part of the prima facie case there would be insufficient evidence to require submission of the case to a jury, ... [the court must] grant summary judgment [for the defendant]." *Earley*, 907 F.2d at 1080 (citations omitted). In *Earley*, the Court of Appeals further emphasized:

"The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

\* \* \*

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted) (emphasis added); *accord Hudson v. Southern Ductile Casting Corp.*, 849 F.2d 1372, 1376 (11th Cir.1988). *Earley*, 907 F.2d at 1080–81.

*son Oil Tools Div.*, 927 F.2d 876, 878 (5th Cir.1991). In these states, a person must file an age discrimination claim with the EEOC within 300 days after the alleged unlawful practice occurred. 29 U.S.C. § 626(d)(2). In states without a state agency equivalent to the EEOC, the ADEA requires a charge to be filed within 180 days. 29 U.S.C. § 626(d)(1). Alabama is not a deferral state, *see Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1263 (11th Cir.2003), thus, the timeliness of Mayo's ADEA claim is due to be determined in the context of the 180–day rule.

Allstate contends that Mayo failed to file his EEOC charge within this statutorily mandated 180–day time period. In support of this contention, Allstate asserts that Mayo was notified on November 1, 2001 that he would be terminated and points out that Mayo did not file his EEOC charge until June 24, 2002—almost eight months after he received notice of his termination and well beyond the 180–day time period. In response, Mayo asserts that his EEOC charge was timely because it was filed within 180 days after his December 31, 2001 effective date of termination.

■ In *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), and *Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981), the United States Supreme Court set forth the general rule that the date of the notice of termination, and not the actual date of termination itself, is the operative date from which the 180–day time period begins to run. *See Chardon*, 454 U.S. at 8, 102 S.Ct. 28 ("mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination") (internal citation omitted). The Eleventh Circuit has applied this rule without exception. *See e.g., Nance v. Maxwell Fed. Credit Union*, 186 F.3d

1338, 1341 (11th Cir.1999) (the 180–day time period begins to run "at the time that the consequences of that decision are realized"); *Cocke v. Merrill Lynch*, 817 F.2d 1559, 1561 (11th Cir.1987) ("A final decision to terminate the employee, rather than actual termination, constitutes the 'alleged unlawful practice' that triggers the filing period.") (internal citation omitted). Thus, the 180–day period is counted from the date the employee receives notice of termination. However, it is settled law that the 180–day charging period of the ADEA is subject to equitable modification or tolling. *See Cocke*, 817 F.2d at 1561.

In this case, Mayo cites *Cocke v. Merrill Lynch*, 817 F.2d 1559, 1561 (11th Cir.1987) and argues that the evidence before the Court is similar to the facts of *Cocke*, and thus requires equitable modification of the 180–day rule. In *Cocke*, the district court held as a matter of law that equitable tolling was not justified because when the plaintiff received notice of his termination he was cognizant of his ADEA rights. The Eleventh Circuit vacated and remanded the lower court's summary judgment ruling on equitable tolling grounds because the plaintiff was led to believe that the employer was trying to place him in another job. The Eleventh Circuit found that equitable tolling of the 180–day rule was required because "[i]t is too much for the law to expect an employee to sue his employer for ... discrimination at the same time he is led to believe the employer is trying to place him in another job." *Id.* at 1561–1562.

■ Contrary to Mayo's assertion, the *Cocke* facts are inapposite to the facts before this Court. In the case *sub judice*, Allstate advised Mayo in his written notice of termination that he could apply for other positions within the company, but that if he did not secure one, he would be terminated on December 31, 2001. The notifica-

tion clearly placed the responsibility on Mayo to locate another position. Mayo has presented no evidence which indicates that Allstate engaged in any intentional acts that caused him to believe that he would be rehired or transferred, nor has Mayo presented any evidence that caused him to believe that Allstate was attempting to place him in another position. Consequently, the Court finds that Mayo has offered no summary judgment evidence that creates a genuine issue of material fact regarding Allstate's conduct following the notice of discharge in this case, and thus concludes that equitable tolling is not warranted.

■ Accordingly, as Mayo failed to establish any equitable considerations which would toll the 180–day period, this Court applies the principles enunciated in *Ricks* and *Chardon* and finds that the 180–day period began to run on the date Mayo received unequivocal notification of the decision to terminate his employment. It is clear from the record that Mayo received unequivocal notice of this decision on November 1, 2001. Thus, the 180 days began to run on November 1, 2001 and expired on April 30, 2002. Because Mayo did not file his EEOC charge until June 24, 2002, the Court finds that his discriminatory discharge claim is untimely and is due to be dismissed. Allstate's motion for summary judgment on Mayo's discriminatory discharge claim is due to be granted.

*Motion to Strike*

■ The Court now turns to Allstate's motion to strike portions of Mayo's affidavit. In this motion, Allstate argues that paragraph two of Mayo's affidavit is due to be stricken because it conflicts with Mayo's previous deposition testimony. Federal Rule of Civil Procedure 56(e) makes it plain that affidavits submitted in opposition to a motion for summary judgment, such as the affidavit at issue here,

shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall affirmatively show that the affiant is competent to testify to the matters stated therein.

Fed.R.Civ.P. 56(e). Moreover, it is well settled that when testimony in an affidavit of a party is in conflict with previous deposition testimony, the court should rely on the deposition testimony. *See Keel v. U.S. Dept. Air Force,* 256 F.Supp.2d 1269, 1278 n. 25 (M.D.Ala.2003). "Holding to the contrary would mean that plaintiffs could 'thwart the purposes of Rule 56 by creating "sham" issues of fact with affidavits that contradict their prior depositions.'" *Id.* (citation omitted). Thus, portions of affidavits which are clearly inconsistent with prior deposition testimony are due to be disregarded by the court. *See, e.g., Rice v. Barnes,* 149 F.Supp.2d 1297, 1300 (M.D.Ala.2001).

While it may be true that paragraph two of Mayo's affidavit fails to comport with the requirements for such affidavits set forth by Rule 56(e) and case law interpreting it, the Court finds it unnecessary to reach the merits of Allstate's motion to strike. The Court has reviewed and considered Mayo's affidavit and finds that nothing contained in it, whether it be properly included or not, would cause this court to deny Allstate's motion for summary judgment, which for the reasons set forth in this Memorandum Opinion and Order is due to be granted. Consequently, the motion to strike portions of Mayo's affidavit is due to be DENIED as moot.

## V. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the motion for summary judgment filed by Allstate is GRANTED and the motion to strike filed by Allstate is DENIED as moot. It is further OR-

DERED that the pretrial hearing set for March 25, 2004 is CANCELED.

A separate final judgment will be entered in accordance with this Memorandum Opinion and Order.

The Clerk of the Court is DIRECTED to remove the above-styled case from the trial docket.

### FINAL JUDGMENT

In accordance with the prior proceedings, opinions, and orders of the Court, it is the ORDER, JUDGMENT, and DECREE of the Court that:

(1) Judgment be and is hereby entered in favor of the Defendant and against the Plaintiff.

(2) Costs are taxed against Plaintiff for which execution may issue.

The Clerk of the Court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.