THOMAS, J.
Appellant appeals the trial court’s summary judgment finding that her negligence and product liability claims were barred by the maritime law statute of limitations and rejecting Appellant’s claim of equitable tolling by which she sought to avoid Appel-lees’ statute of limitations defense. As discussed below, we affirm.

Factual Background

This case arose out of a boating incident that occurred on July 20, 2010, involving Appellant, Appellant’s then-husband, and his father, Appellee Robert Lupola, Sr. (Lupola). Appellant and her husband were in a two-person raft on a public waterway being pulled by a motor boat operated by Lupola. At one point, the raft became airborne and returned to the surface with enough force to eject the occupants, causing injury to both. Appellant received medical treatment that day.
On May 14, 2014, or just under four years later, Appellant filed a complaint alleging negligence against Lupola for his operation of the boat and a product liability claim against Appellee BRP (BRP), the raft’s manufacturer. Lupola ultimately filed a motion for summary judgment asserting that, because the claims were based on an incident that occurred on a navigable waterway, it was subject to the *499 three-year statute of limitations provided by federal maritime law, as opposed to Florida’s four-year statute of limitations for tort claims.[1] BRP joined in this motion.
Appellant filed a response conceding that the federal maritime statute, of limitations applied, but sought to avoid the consequences of filing her complaint outside that time limit by virtue of .the doctrine of equitable tolling.[2] Appellant’s response and affidavit stood for the proposition that her marital relationship was controlled by her husband, and that he instructed her not to discuss the accident or her injuries with anyone else which, Appellant stated, “meant not to seek legal counsel or advice regarding the accident.” Appellant averred that, but for her husband’s “domineering control over” her, she would have “gamed knowledge necessary to determine the existence of possible claims,” learned about the statute of limitations, and that she did not “pursue discussion with a personal injury attorney and therefore did not learn of any possible claims or causes of action” due to her husband’s action's. She also alleged that those actions “prevented/prohibited me from seeking legal assistance and learning through a personal injury attorney the nuances of negligence products liability, and causation factors,” and that, but for her husband’s actions, she “would have had the ability to choose to educate myself regarding my injuries by way of talking to a personal injury attorney.” Finally, Appellant claimed that “[t]he earliest that I could have had any idea about causes of action regarding my injuries, or that someone had wronged me,occurred on November 25, 2013.”
In the judgment under review, in addition to finding that Appellant’s complaint was filed outside the applicable maritime law statute of limitations, the court found that the cases of White v. Mercury Marine, Division of Brunswick, Inc., 129 F.3d 1428, 1433-1434 (11th Cir.1997), and United States v. Kubrick, 444 U.S. 111, 122, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), were controlling, and that those decisions specifically indicate that the United States Supreme- Court rejected the contention that a plaintiff must know of a tortfeasor’s negligence' before a cause of action will accrue; rather, it is discovery of the injury and its cause that marks the beginning of the statute of limitations period. Applying these cases, the court found that Appellant’s claim was barred by , the statute of limitations. The court rejected Appellant’s equitable tolling argument because there was no evidence that Appellant’s husband entered into “any type of an agreement or conspiracy with his father, Robert Lupola, Sr., or with BRP US, Inc. which might trigger application of equitable tolling. ..
Appellant moved for reconsideration, arguing that the doctrine of equitable tolling does not require misconduct by a defendant before it is applicable. The court denied this motion and this appeal followed.

Analysis

A summary judgment is reviewed de novo. Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001). “Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Volusia Cty. v. Aberdeen *500 at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
As discussed, there is no dispute that the three-year federal maritime law statute of limitations applies here, and that Appellant filed her complaint outside that time limit. The remaining question is whether, taking the facts alleged in her affidavit as true, Appellant is entitled to the relief afforded by the equitable tolling doctrine. “The effect of the statutes of limitation ... can be deflected by several legal theories,” including equitable tolling. Morsani, 790 So.2d at 1074.
Equitable tolling, which involves no misconduct oh the part of the defendant, may delay the running of the limitations period based on the plaintiffs blameless ignorance' and the lack of prejudice to the defendant.
Id. at 1076 n. 11.
“Equitable tolling is a type of equitable modification which ‘focuses on the plaintiffs excusable ignorance of the limitations period and on [the] lack of prejudice to the defendant.’” Machules v. Dep’t of Admin., 523 So.2d 1132, 1134 (Fla.1988) (quoting Cocke v. Merrill Lynch & Co., 817 F.2d 1559, 1561 (11th Cir.1987)). “[E]quitable tolling, unlike estoppel, does not require active deception or [defendant] misconduct, but focuses rather on the [plaintiff] with a reasonably prudent regard for his rights.” Id. “Generally, the tolling doctrine has been applied when the plaintiff has been misled or lulled into inaction, has in. some: extraordinary way been prevented from asserting, his rights, or has timely asserted his rights mistakenly in the wrong forum.” Id.
Here, the trial court found that equitable tolling was not available to Appellant because there was “no evidence ... that [Appellant’s] husband ... entered into any type of an agreement or conspiracy with his father, Robert Lupola, Sr., or with BRP ... which might trigger application of equitable tolling or equitable estop-pel.” Here, however, based on Morsani and Machules, misconduct on the part of either of the defendants was not required for equitable tolling to apply. Thus, to the extent the court relied on the lack of evidence of such misconduct, the court erred. Pursuant to the “tipsy-coachman” doctrine, however, we affirm the judgment on alternative grounds.[3]
In the White case cited by the trial court, the court explained that Supreme Court precedent has made it clear that “discovery of the injury and its cause— and not the realisation that a cause of action exists — marks the date the limitations period starts running.” 129 F.3d at 1433 (emphasis added). This “discovery rule, as a rule of law, is not to be applied only when it will benefit a plaintiff. It protects plaintiffs who are unaware of their injury, while requiring those plaintiffs who have ‘discovered’ their injury to file suit within the prescribed period.” Id (emphasis added). The court in White applied this principle to maritime cases, thus, it applies here.
There is no dispute that Appellant was aware that she was injured the day of the accident and that the accident caused it. Appellant argues, however, that she is entitled to. the relief afforded by equitable tolling because her .husband had a. “position of control” over her and “took it upon himself to prevent/preclude Appellant from *501 seeking advice of counsel or in any other way considering/pursuing/entertaining claims or causes of action against his,father.” Appellant asserts that these same actions also prevented her from doing so with respect to other possible claims, including one against BRP. In her affidavit, however, Appellant did not aver that her husband prevented her from pursuing her claim, i.e., filing suit; rather, she averred that her husband prevented her from finding out that she had- a claim at all, and pursuant to White, the fact that Appellant may not have been aware that the accident and her injuries might be grounds for negligence and product liability claims had no bearing on when the statute of limitations commenced. Thus, her alleged ignorance of her legal rights could'not act-to delay accrual of the statute of limitations. Consequently, even " taking' the facts averred in the affidavit as true, as a matter of law they did not entitle Appellant to consideration of her equitable tolling claim.

Conclusion

For the foregoing reasons, we AFFIRM the summary judgment.
WOLF and KELSEY, JJ., concur.

. "Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose.” 46 U.S.C. § 30106.

. Appellant also raised equitable estoppel, but abandoned this argument on appeal.

. The tipsy coachman rule provides: " '[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in Ae record.’ ” Malu v. Sec. Nat. Ins. Co., 898 So.2d 69, 73 (Fla.2005) (quoting Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999)).