Jean REED, Plaintiff-Appellant,

v.

WINN DIXIE, INC., Defendant-Appellee.

No. 16-11712

**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(January 27, 2017)

Letta Dillard Gorman, Law Office Of Letta Dillard Gorman, Geneva, AL, for Plaintiff-Appellant

Thomas A. Davis, Yvonne N. Maddalena, Jackson Lewis, PC, Birmingham, AL, for Defendant-Appellee

Before TJOFLAT, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jean Reed, represented by counsel, filed this lawsuit alleging that Winn Dixie, Inc., terminated her employment after sixteen years because of her age (over 40), her gender (female), and her race (African-American), and in retaliation for reporting that she was being harassed by a store manager. A magistrate judge exercising jurisdiction over the case by consent of the parties, *see* 28 U.S.C. § 636(c), dismissed her complaint for failure to timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Reed appeals that determination. After careful review, we affirm.

## I.

We review *de novo* the grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016).

Before filing suit in federal court under Title VII of the Civil Rights Act of 1964 ("Title VII") or the Age Discrimination in Employment Act ("ADEA"), plaintiffs must first exhaust their administrative remedies by filing a charge of discrimina-

tion with the EEOC. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (Title VII); 29 U.S.C. § 626(d)(1) (ADEA). The purpose of the exhaustion requirement is to give the EEOC the first opportunity to investigate the alleged discriminatory practices and attempt to obtain voluntary compliance and promote conciliation efforts. *Gregory*, 355 F.3d at 1279.

Plaintiffs have a limited period in which to file a charge with the EEOC. For a charge to be timely in Alabama, a non-deferral state, it must be filed within 180 days after the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e–5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1) (ADEA); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1214 n.2 (11th Cir. 2001) (explaining the basic distinction between "deferral" and "non-deferral" states). Failure to file a timely charge with the EEOC generally results in a bar of the claims contained in the untimely charge. *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000).

The timely filing of an EEOC charge is considered a condition precedent for bringing a civil action alleging employment discrimination. *See Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1009–10 (11th Cir. 1982) (Title VII). So the time limitation is not a jurisdictional prerequisite to suit, but a requirement that is subject to waiver, estoppel, or equitable tolling. *See id.* at 1006–07; *Cocke v. Merrill Lynch & Co., Inc.*, 817 F.2d 1559, 1560–61 (11th Cir. 1987) (ADEA). In general, the plaintiff need allege in the complaint only that all conditions precedent to suit have been fulfilled. *Jackson*, 678 F.2d at 1010. If the defendant specifically denies that a timely charge has been filed, the plaintiff bears the burden of proving that she timely filed with the EEOC. *Id.*

## II.

Reed filed her counseled complaint against Winn-Dixie in federal district court in September 2015. She alleged that she had completed all conditions precedent to suit by, among other things, filing a charge of discrimination ("charge") with the EEOC within 180 days of the date of her termination. Reed attached to her complaint a "Dismissal and Notice of Rights" issued by the EEOC on July 2, 2015, which reflects that the EEOC determined that her charge had not been timely filed.

Winn-Dixie filed a pre-answer motion to dismiss, pursuant to Rule 12(b)(6), Fed. R. Civ. P., arguing that based on the EEOC notice, Reed failed to show that she had filed a timely charge with the EEOC before filing suit in federal court. In response, Reed maintained that her charge was timely and that any delay was attributable to error by the EEOC. Reed asserted that she sent the charge to the EEOC on May 6, 2015, within the 180-day period, but that delivery was refused "at least twice before finally being accepted."

Reed attached to her response documents showing her efforts to inform the EEOC of her claims of discrimination. This evidence reflects that on May 6, 2015, Reed mailed a letter, allegedly containing the charge, addressed to the EEOC's address in Mobile, Alabama. For reasons unknown, however, the EEOC did not receive Reed's paperwork until May 26. The EEOC dismissed Reed's charge as untimely on July 2, and, thereafter, Reed's counsel wrote to the EEOC and asserted that Reed's charge had been improperly rejected due to the EEOC's "poor mailing acceptance and possible mishandling of the paperwork." Reed's counsel also wrote that Reed had completed an intake questionnaire on April 11.

In a response letter to Reed's counsel, the EEOC wrote that Reed's charge was due by May 13 but that it did not have a record of receiving any paperwork from Reed until May 26. The EEOC also denied mishandling Reed's paperwork, and it attached tracking data it had retrieved from the website of the United States Postal Service for the tracking number on the May 6 letter. The tracking data indicated that the letter was never delivered to an address in Mobile, but was instead delivered, after traveling throughout Alabama and briefly into Florida,[1] to an address in Geneva, Alabama, the city where Reed's counsel maintains her law office.

The magistrate judge, exercising jurisdiction over the case by consent of the parties, *see* 28 U.S.C. § 636(c), granted Winn-Dixie's motion to dismiss under Rule 12(b)(6). The magistrate judge found that Reed failed to prove that she had timely filed a charge with the EEOC. The EEOC notice Reed attached to her complaint, the magistrate judge explained, contradicted the allegation in her complaint that she had timely filed a charge on or about May 6, 2015.

Furthermore, the magistrate judge considered the documents Reed submitted in response to the motion to dismiss, finding that they were properly before the court without converting the motion to dismiss into one for summary judgment, and concluded that these documents failed to support the timeliness of her charge. Specifically, the magistrate judge found that "[t]he record demonstrates that the EEOC received Reed's charge of discrimination on May 26, 2015, almost two weeks after the 180-day filing deadline, and Reed has

presented nothing to rebut this conclusion other than speculation that the EEOC mishandled her paperwork."

Because the record contradicted Reed's "conclusory allegation that her charge was timely filed," the magistrate judge dismissed Reed's federal claims with prejudice for failure to exhaust administrative remedies. Having dismissed the federal claims, the magistrate judge declined to exercise supplemental jurisdiction over Reed's state-law claims. Reed now appeals.

### III.

On appeal, Reed reiterates that she mailed a charge of discrimination to the EEOC by certified mail on May 6 but that delivery was not accepted by the EEOC until May 26, beyond the filing period. She also suggests that she satisfied the timely-filing requirement by making contact with an EEO Counselor within 180 days of her termination and by submitting an intake questionnaire, which in her view should be considered the equivalent of a charge in the circumstances of this case. Further, Reed indicates that any untimeliness should be excused because she suffered from depression after being terminated by Winn-Dixie. After careful review, we find that Reed's arguments do not present grounds for vacating the dismissal of her claims.

First, Reed's reliance on EEOC administrative decisions discussing contact with an EEO Counselor is misplaced. *See Grauff v. Dep't of Transp.*, EEOC Doc. 01A42718, 2004 WL 2076321 (E.E.O.C. Sept. 8, 2004); *Esparza v. Dep't of Homeland Sec.*, EEOC Doc. 01A32852, 2004 WL

---

1. According to the tracking data, the letter was accepted on May 6 in Geneva, Alabama; arrived in Mobile on May 9 by way of Birmingham; departed Mobile on May 11; surfaced in Jacksonville, Florida, on May 14; returned to Alabama in Montgomery on May 15; came back to Geneva on May 16; and, apparently, was delivered on May 22 to an address in Geneva.

555063 (E.E.O.C. March 12, 2004). These rulings address an exhaustion requirement—contact with an EEO Counselor—that applies to federal employees, not to private employees. *See* 29 C.F.R. § 1614.105(a)(1) (providing that federal employees, before filing a complaint, "must initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory"). Winn-Dixie is not a federal employer, so the requirement of timely contact with an EEO Counselor does not directly apply.

■ Second, Reed cannot rely on her intake questionnaire to excuse any untimeliness in filing a formal charge. Reed correctly notes that intake questionnaires may sometimes constitute a charge so as to excuse a failure to file a formal charge within the statutory timeframe. *See Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1239–41 (11th Cir. 2004) (discussing this Court's precedent on this issue). But Reed did not submit her intake questionnaire for the magistrate judge's consideration or argue in response to the motion to dismiss that the questionnaire should be considered the equivalent of a charge.[2] Because Reed could have but did not raise this issue below, we do not consider it on appeal. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("[I]ssues not raised below are normally deemed waived.").

■ In any case, even assuming without deciding that her intake questionnaire constituted a charge, Reed has not rebutted, apart from conclusory speculation that the EEOC mishandled her paperwork, the EEOC's assertions in its correspondence with her attorney that it did not receive any paperwork from her until May 26. For example, the tracking data Reed submitted did not show that delivery had been attempted at an address in Mobile. So, even if her intake questionnaire constituted a charge, it was, as far as we can tell, still received beyond the 180-day filing period, which elapsed on May 13.[3]

■ Third, Reed claims that she was prevented from filing on time due to depression, but this argument was not raised below in response to Winn-Dixie's motion to dismiss, so the magistrate judge did not have an opportunity to consider the issue. Again, because Reed could have but did not raise this issue below, we do not consider it on appeal. *See id.*

■ Finally, Reed listed in her statement of issues the following issue: "Whether the postmark of certified mail should be used to determine the date filed?" But she failed to develop any argument on this issue in the remainder of her brief on appeal, so we must consider the issue to have been abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). Likewise, although the timely-filing requirement is subject to equitable tolling, and Reed's allegations indicate that the delay in mailing was attributable to a circumstance outside her control, Reed cannot be said to have "plainly and promi-

2. Reed included her intake questionnaire in her appellate appendix, but it is not properly part of the record on appeal. *See* 11th Cir. R. 30–1(a) ("[U]nder no circumstances should a document be included in the appendix that was not submitted to the trial court.").

3. While Reed asserts on appeal that she completed the intake questionnaire on April 11, 2015, she does not indicate when the questionnaire was actually submitted to the EEOC.

nently" raised the issue of equitable tolling on that basis on appeal. *See id.* at 680–81.

 Reed does not identify any other legal or factual error committed by the magistrate judge in ruling on her appeal. Having rejected each of the arguments she presents on appeal, we affirm the dismissal of her complaint.[4]

**AFFIRMED.**

---

4. We note that the district court may have erred by considering materials outside of the pleadings in ruling on the Rule 12(b)(6) motion to dismiss, thereby converting the motion to dismiss into a motion for summary judgment without providing adequate notice to the parties of the conversion. *See Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267

(11th Cir. 2002). Nevertheless, we find that any error in this regard was harmless because, by submitting evidentiary materials along with her response to the motion to dismiss and asserting that she had created "a genuine issue of material fact," Reed demonstrated that she had notice of the conversion. *See id.* at 1268.