[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-10762

Non-Argument Calendar

————————————————

BEN CHRISTIAN,

Plaintiff-Appellant,

*versus*

THE SOUTHERN COMPANY,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-04563-WMR

————————————————

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and GRANT, Circuit Judges.

PER CURIAM:

Ben Christian appeals the summary judgment in favor of Southern Company Services, Inc. and against his complaint under the Age Discrimination in Employment Act. 29 U.S.C. § 623. We affirm.

Christian was 63 years old and worked for Southern Company Services in November 2017. On November 3, 2017, Christian had a meeting with Cheryl Peters and Human Resources representative Erin Pickens. Peters gave Christian the option to retire or be fired in two weeks—on November 17, 2017. Christian explained that he was working on a critical project that only he could do. Peters responded that she wanted to talk to the company president about the project. Christian understood this response to be an offer to continue his employment and that Peters wanted him to work until the end of the year or the completion of the project. Peters told Christian that she would notify him on November 6, 2017, what his options were. During the November 3 meeting, Southern Company Services terminated Christian's access to computer systems, deactivated his access badge, delivered his personal belongings, and escorted him out of the building.

On November 6, Peters left Christian a voicemail stating that there was "additional information" for Christian "to consider [his] options going forward." Christian did not return the call.

Instead, on November 7, he emailed Pickens requesting items discussed at the November 3 meeting "concerning [his] departure" as well as "additional information" Peters mentioned in the November 6 voicemail regarding his "options going forward."

Pickens responded to Christian's email on November 8:

> We discussed that your employment was being terminated, with your last day in the office being Friday, November 3rd, and last day of pay being Nov. 17. We gave you the option to notify us in writing, if you chose to retire in lieu of termination.

> We also discussed that you and Cheryl would make contact on Monday, and that you would decide by Wednesday, November 8 (today) if you were choosing to retire.

> As you stated, I believe that Cheryl tried to contact you on Monday. I would encourage you to touch base with her.

On November 10, 2017, Christian filed a complaint with Southern Company Service's Corporate Concerns Department where he stated he was terminated at the November 3 meeting. Christian filed a charge of discrimination with the Equal Employment Opportunity Commission on May 8, 2018. The Commission dismissed his charge and issued him a right to sue letter.

Christian filed a complaint against Southern Company Services in the district court. Southern Company Services moved to dismiss Christian's complaint because he filed an untimely charge with the Commission and failed to assert a plausible claim of age

discrimination. The district court granted the motion to dismiss based in part on Pickens's November 8 email. Christian appealed, and we vacated the dismissal and remanded because the reliance on extrinsic evidence meant the motion should have been treated as one for summary judgment.

On remand, Southern Company Services moved for summary judgment on the grounds that Christian's charge was untimely and that he could not establish that he was terminated because of his age. It argued that Christian was terminated at the November 3 meeting, and even if that meeting did not provide unequivocal notice, Pickens's email on November 8 was unequivocal. Christian responded that the limitations period did not begin to run until November 10, when he decided to accept his termination. He argued that even if unequivocal notice was given before then, there were triable issues of fact regarding equitable tolling.

The magistrate judge issued a report and recommendation that Christian's complaint be dismissed as untimely. The magistrate judge reasoned that Christian's statements proved that he understood his termination was effective on November 3 and his later contrary testimony was blatantly contradicted by the record. Alternatively, the magistrate judge found that Christian received unequivocal notice of termination by the November 8 email. The magistrate judge ruled that Christian was not entitled to equitable tolling because there was no possibility of continued employment.

Christian objected that the magistrate judge considered the facts in the light favorable to Southern Company Services by

ignoring context around his statements about the November 3 meeting. He argued that his subjective understanding did not matter and the communication from Peters was equivocal. He argued that the November 8 email was equivocal because Pickens was not a decisionmaker and the email did not address Christian's concerns. He argued that he was entitled to equitable tolling because Southern Company Services's communications were confusing.

The district court adopted the report and recommendation and granted summary judgment. It ruled that the magistrate judge did not err in considering Christian's earlier statements regarding the November 3 meeting. It found that Peters did not equivocate in her decision to terminate Christian, and Pickens's November 8 email resolved any arguable equivocation. It ruled that it had discretion to ignore Christian's argument that Pickens was not a decisionmaker because he raised it in his objections to the report and recommendation and that his response showed the email was not confusing. It ruled that Christian was not entitled to equitable tolling because a reasonably prudent person would have known he was terminated on November 3.

We review the grant of summary judgment *de novo* and view the evidence and draw all reasonable inferences in favor of the non-moving party. *Bailey v. Metro Ambulance Servs., Inc.*, 992 F.3d 1265, 1272 (11th Cir. 2021). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review *de novo* whether equitable tolling applies but review for clear

error any factual findings. *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1153 (11th Cir. 2005).

The district court did not err in ruling that Christian's charge was untimely. Before filing suit, a plaintiff in Georgia must file a charge of discrimination with the Commission within 180 days of the alleged discrimination. 29 U.S.C. § 626(d)(1)(A); *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003) (discussing that because Georgia is a non-deferral state a charge of discrimination must be filed within 180 days under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5). The period for filing a charge of discrimination does not begin to run until the employee receives unequivocal notice of an adverse employment decision. *Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1201–03 (11th Cir. 2003). The communication of the final decision to terminate is what triggers the start of the filing period, not the date that employment ends. *Cocke v. Merrill Lynch & Co.*, 817 F.2d 1559, 1561 (11th Cir. 1987). As both parties agree, the date the filing period began to run does not turn on Christian's "subjective belief" but rather whether he received an "unequivocal communication" on November 3rd, 6th, or 8th that he had been terminated. *See Wright*, 320 F.3d at 1203. Christian's argument about any impermissible credibility determinations regarding his subjective understanding is irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Even if we were to assume that the communications during the November 3 meeting were equivocal because Peters

discussed unspecified additional options available to Christian and promised to talk to the company president, Pickens's email on November 8 was unequivocal that Christian could either retire or be terminated. Christian's argument that Pickens was not a decisionmaker came too late and was unsupported by legal authority. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). At latest, the filing period ran from November 8, 2017, to May 7, 2018, and Christian's charge filed on May 8, 2018, was untimely. *See* 29 U.S.C. § 626(d)(1)(A).

The district court did not err in ruling that Christian was not entitled to equitable tolling. The timely filing of a charge of discrimination is not a jurisdictional prerequisite and is subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). When a plaintiff does not allege that the defendant actively misled him, he must prove that he pursued his rights diligently and extraordinary circumstances prevented him from filing. *Villarreal v. RJ Reynolds Tobacco Co.*, 839 F.3d 958, 971–72 (11th Cir. 2016) (en banc) (applying the general test for equitable tolling in an appeal alleging age discrimination). Under equitable tolling, the "limitations period does not start to run until a plaintiff knew or reasonably should have known that [he] was discriminated against." *Carter v. W. Publ'g Co.*, 225 F.3d 1258, 1265 (11th Cir. 2000). Christian did not argue that extraordinary circumstances prevented him from filing. *See Villarreal*, 839 F.3d at 971–72. And applying the reasonable person test, which the district court applied, and the parties do not

contest on appeal, Christian reasonably should have known as of the November 8 email that he was being terminated. *See Carter*, 225 F.3d at 1265. This incident was not a circumstance where the company was looking for another position for him or offering to transfer him. *See Pearson v. Macon-Bibb Cnty. Hosp. Auth.*, 952 F.2d 1274, 1279–80 (11th Cir. 1992) (holding equitable tolling applied when an employee was offered the option to transfer or be terminated); *Cocke*, 817 F.2d at 1561 (holding that equitable tolling applied where an employer was actively pursuing other positions for the employee). Christian was not entitled to equitable tolling.

We **AFFIRM** the summary judgment in favor of Southern Company Services and **GRANT** Christian's motion to substitute.